UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-81538-MATTHEWMAN

JADE M. CASTELLANO,

    Plaintiff,

v.

CARE AIRWAYS CORP., et al.,

    Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT [DE 11]

**THIS CAUSE** is before the Court upon Defendant 1st Class Medical, Inc.'s ("1st Class") Motion to Dismiss Complaint ("Motion") [DE 11]. Plaintiff Jade M. Castellano ("Plaintiff") filed a Response [DE 14], and no timely reply was filed. Thus, the matter is now ripe for review.

## I.    BACKGROUND

On January 30, 2025, Plaintiff filed an Amended Complaint [Am. Compl, DE 6], alleging sexual assault and battery (Count I), negligent retention and supervision (Count II), sexual harassment (Count III), and retaliation (Count IV) against Care Airways Corp., 1st Class Medical, Inc., and Roger De Armas. The action arises under Title VII of the Civil Rights Act and the Florida Civil Rights Act. *Id.* ¶ 1.

## II.    MOTION AND RESPONSE

A.  Defendant 1st Class' Motion [DE 11]

Defendant 1st Class argues that the Amended Complaint improperly lumps the three defendants into each count. [DE 11 at 1]. It further argues that the "face of the Complaint together with exhibits reflects that many, if not all, of the transactions are a series of related

transactions." *Id.* In light of this, Defendant 1st Class asserts that the Amended Complaint is an improper shotgun pleading that must be "replead with clarity as to who did what purportedly actional conduct." *Id.* at 2. To support its position, Defendant 1st Class has attached to the Motion the Sunbiz records for 1st Class and Care Airways Corp., as well as employment paperwork that purportedly shows that Care Airways Corp., and not 1st Class, employed Plaintiff.

B. Response [DE 14]

In response, Plaintiff argues that the Motion ignores that "Plaintiff has alleged, and has set forth specific facts supporting, that she was 'jointly' employed by the two corporate entities, 1st Class and Care Airways. Plaintiff alleged a 'joint employer' relationship that it is a well-recognized doctrine in Title VII cases." [DE 14 at 1–2]. Plaintiff further contends that the Amended Complaint "meticulously details the intertwined actions of the Corporate Defendants and their direct involvement to the discriminatory practices and retaliatory actions against Plaintiff." *Id.* at 5. She additionally maintains that the "Amended Complaint explicitly attributes specific conduct to specific Defendants, based upon the joint employment practices, unified sexual harassment policies, and collaborative decision-making processes affecting Plaintiff's employment." *Id.* at 6.

### III.   LEGAL STANDARDS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Id.* at 678. The Court must also "limit[] its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).

"'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that are simply replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *See Weiland*, 792 F.3d at 1321–23 (quotations omitted); *see also Strategic Income Fund, LLC. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).

Under Title VII, Plaintiff can recover only if she can prove that an "employer" discriminated against her concerning the terms of her employment. *See* 42 U.S.C. § 2000e-2(a).

3

Title VII defines "employer" for purposes of the statute as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *See* 42 U.S.C. § 2000e(b).

"Consistent with the remedial purposes of Title VII, the federal courts have interpreted the term 'employer' liberally." *Peppers v. Cobb Cnty., Georgia*, 835 F.3d 1289, 1297 (11th Cir. 2016) (citing *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1359 (11th Cir. 1994)). "Thus, in order to decide whether an entity is a qualified employer, we have asked this basic question: 'who (or which entity) is in control of the fundamental aspects of the employment relationship that gave rise to the claim.'" *Peppers*, 835 F.3d at 1297 (citing *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1345 (11th Cir. 1999) (en banc)). Further, "[a]n examination of this question requires consideration of the totality of the employment relationship." *Peppers*, 835 F.3d at 1297 (citing *Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995)). The relevant factors that the court should consider include: "whether or not the employment [took] place on the premises of the [alleged employer]; how much control [did] the [alleged employer] exert on the employees; and, [did] the [alleged employer] have the power to fire, hire, or modify the employment condition of the employees?" *Welch*, 57 F.3d at 1011 (quoting *Wirtz v. Lone Star Steel Co.,* 405 F.2d 668, 669–70 (5th Cir. 1968)).

## IV.   ANALYSIS

The Court has carefully analyzed the parties' papers and the applicable law and finds as follows. The Court initially notes that Defendant 1st Class opted not to file a reply. Thus, Defendant 1st Class has entirely failed to respond to Plaintiff's joint employer argument and has therefore waived any argument on the issue of whether Plaintiff has sufficiently pled that Care Airways Corp. and 1st Class are joint employers.

4

Regardless, the Court will still consider the joint employer issue on the merits. The Amended Complaint alleges as follows:

3. The Corporate Defendants are Florida profit corporations doing business in Palm Beach County, Florida. The Corporate Defendants were a joint employer of Plaintiff under Title VII and the FCRA.

4. The Corporate Defendant, 1st Class Medical, was a joint employer of Plaintiff since it exercised joint control over Plaintiff's employment with Care Airways, and was directly involved in the retaliation in the following, but not limited to, ways.

a. The Corporate Defendants maintained "Joint Standards of Conduct" for the employees of 1st Class Medical and Care Airways;

b. Plaintiff was required to sign and did sign a "Standards of Conduct" agreement with both Corporate Defendants;

c. The Corporate Defendants had a joint sexual harassment policy called the "1st Class Medical and Care Airways Sexual Harassment Policy and Complaint/Investigation Procedure" that was given to Plaintiff upon her employment;

d. Plaintiff was required to report sexual harassment to Alex Seiff, the Human Resource Manager of 1st Class Medical;

e. Plaintiff reported De Armas for sexual harassment to Alex Sieff of 1st Class Medical. Sieff investigated Plaintiff's sexual harassment claim on behalf of both companies;
f. Alex Sieff of 1st Class Medical decided that Plaintiff would be removed from the office and work from home. He also decided that De Armas would not be disciplined;

g. When Martin Otto wrote up Plaintiff he notified Alex Sieff of 1st Class Medical; and

h. Alex Sieff, the Human Resource Manager of the Corporate Defendants, wrote Plaintiff about his conclusions of the sexual harassment investigation.

[Am. Compl. ¶¶ 3–4].

The Court finds that Plaintiff has sufficiently alleged that the corporate defendants were joint employers. Moreover, Plaintiff has also alleged that Roger De Armas "is a Medicare Administrator employed by the Corporate Defendants." [Am. Compl. ¶ 2]. As Plaintiff has sufficiently alleged a joint employer relationship, the claims asserted in the Amended Complaint can viably apply to all of the defendants. Thus, the Court finds that the Amended Complaint is not a shotgun pleading.[1] Finally, the Court notes that, after the discovery process is completed, Defendant 1st Class may file a dispositive motion on the issue of the joint employer relationship if it wishes to do so.

### V.    CONCLUSION

The Court has carefully reviewed the parties' papers and the pending Amended Complaint and has reviewed the entire docket in this case. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant 1st Class Medical, Inc.'s Motion to Dismiss Complaint [DE 11] is **DENIED**.

**ORDERED AND ADJUDGED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of March, 2025.

WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[1] The Court also notes that Defendants Care Airways Corp. and Roger De Armas filed an Answer and Affirmative Defenses [DE 10] to the Amended Complaint. This also cuts against Defendant's argument that the Amended Complaint is a shotgun pleading that makes it virtually impossible to know which allegations of fact are intended to support which claims for relief.